IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 CR 889-1 |
| | ) | |
| NORMAN COLE, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Norman Cole ("Cole") was indicted, pleaded guilty and is now serving a 100-month sentence on a charge of having participated in a conspiracy involving the knowing and intentional possession with intent to distribute, and the actual distribution of, crack cocaine. Now Cole seeks relief from that sentence, invoking the recent retroactive amendment to the Sentencing Guidelines that lessened the wide gulf between crack and powder cocaine for sentencing purposes.

For its part the government concedes Cole's entitlement to relief but disputes the extent of the appropriate sentence reduction, supporting its position with a 17-page Response. In the interest of full disclosure in that respect, the Response has included copies of opinions by two of this Court's colleagues who have reached opposite conclusions on the subject: Judge Matthew Kennelly's April 28, 2008 opinion in <u>United States v. Witherspoon</u>, 02 CR 491 (apparently unreported either in LEXIS or in Westlaw) and, just a week ago, Judge Charles Kocoras'

memorandum opinion in United States v. Shelby, 95 CR 69, 2008 U.S. Dist. LEXIS 50596 (N.D. Ill. June 30, 2008).

Both of those opinions, and the post-Guideline-amendment caselaw generally, recognize that the source of judicial power to revisit crack cocaine sentences stems from 18 U.S.C. §3582(c)(2):[1]

> The court may not modify a term of imprisonment once it has been imposed except that--
>
>    \*   \*   \*
>
>  (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Although this brief characterization of Judge Kennelly's view admittedly oversimplifies his analysis, he points in part to the principle announced in United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999) that a proceeding under Section 3582(c)(2) "is not a do-over of an original-sentencing proceeding." But for Judge Kocoras that pre-Booker pronouncement does not control in the present climate, created not only by Booker but also by

---

 [1] All further references to Title 18's provisions will simply take the form "Section--."

2

Kimbrough v. United States, 128 S.Ct. 558 (2007) and Gall v. United States, 128 S.Ct. 586 (2007).

Cole's situation does not require this Court to take sides in that debate. Although Booker held, for constitutional reasons, that the Guidelines were not mandatory but only advisory, Cole's originally-agreed-upon sentence was expressly limited by a specific reference to the correct Guideline calculation--that was mandated by Paragraph 16 of his September 8, 2005 Plea Agreement ("Agreement"), a paragraph that specified Fed. R. Crim. P. ("Rule") 11(c)(1)(C) as governing for that purpose. Because of Cole's having provided full and truthful cooperation to the government, Paragraph 16 specified an agreed term of imprisonment of the higher of two figures--2/3 of the low end of the "applicable sentencing guidelines range" or 2/3 of the statutory minimum sentence of 120 months. By thus tying the first of those alternatives directly to the Guideline figures, the parties' contract[2] effectively made the Guideline a mandatory component of Cole's sentencing calculation.

That being so, this Court--having initially accepted the Agreement and sentenced Cole based on its terms--is limited to

---

[2] By now it is conventional wisdom that a plea agreement is a contract, to be construed and hence enforced as such (see, e.g., such cases as United States v. Astley, 489 F.3d 813, 824-25 (7th Cir. 2007)).

3

applying the provision of Paragraph 16 in terms of the new retroactive Guideline figures (which now reduce the original "applicable sentencing guidelines range" from 151-188 months to 121-151 months). And that in turn reduces the first of the Agreement's alternatives to 2/3 of the lower end of the new range, or 80 months. Because that result follows as a matter of law, no evidentiary hearing is required.

One added wrinkle (or perhaps something of an anomaly) should be noted. This Court's responsibility under Booker is to set a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in" Section 3553(a)(2). Suppose that the no-do-over catchphrase in Tidwell has not survived in the post-Booker period in light of Kimbrough and Gall--what then? Nothing that this Court knows of in the caselaw would permit a belated revocation of its earlier acceptance of the Agreement, including its Rule 11(c)(1)(C) provision.

It is perhaps hypothetically conceivable that an agreed-upon sentence for dealing in crack cocaine that a court originally found reasonable at an earlier date, resulting in acceptance of a plea agreement, could be viewed as noncompliant with the Section 3553(a)(2) criteria today (even at a reduced sentence level). But that potentially knotty question is for another day. This Court has no such difficulty with the reduction of Cole's

4

custodial sentence to 80 months. It therefore orders that its earlier judgment and commitment order be amended to that extent.

								_____
								Milton I. Shadur
								Senior United States District Judge

Date: July 7, 2008